907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy R. PETTIGREW, Defendant-Appellant.
 No. 89-6243.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant appeals his conviction for carrying and using a firearm in relation to the commission of a drug trafficking offense in violation of 18 U.S.C. Sec. 924.
 
 The issues for review are:
 
 2
 1. Whether the district court abused its discretion in permitting the prosecution to read the conspiracy charge from defendant's indictment to which defendant had pled guilty, as evidence of the drug conspiracy underlying defendant's firearm charge, and
 
 
 3
 2. Whether there was sufficient evidence to sustain defendant's conviction.
 
 
 4
 For the reasons that follow, we affirm the judgment of conviction.
 
 I.
 
 5
 On February 28, 1989, Jimmy Ray Pettigrew was indicted on twenty-four counts related to his participation in a conspiracy to distribute controlled substances. He was charged with violating 21 U.S.C. Secs. 846 and 841(a)(1) and 18 U.S.C. Secs. 2 and 924. After issuance of a superseding indictment, Pettigrew pled guilty to Count 1, a conspiracy charge, and Counts 2, 3, 4, 9, 10, 14, 18, 19, and 20, distribution and possession charges. He proceeded to trial, however, on Count 21, which charged him with carrying and using a firearm in relation to the commission of a drug trafficking crime.
 
 
 6
 At Pettigrew's trial, Tennessee Bureau of Investigation Special Agent Joel Wilborn and informant Dewayne Ross testified as to the details of their undercover investigation of the drug operation in which Pettigrew was involved. According to their testimony, Wilborn and Ross went to the "Two Foot" area of Parsons, Tennessee on September 30, 1987 to make a controlled buy of cocaine. They met Pettigrew, who agreed to sell $160 worth of cocaine to informant Ross. Pettigrew then left the area for a short time and returned, without the cocaine, carrying a gun. Wilborn, who was familiar with weapons, described the firearm as "larger than a pistol but smaller than a rifle." Ross, who confessed little familiarity with weapons, said it appeared to be a "blue steel weapon" or a pistol with "kind of a different looking frame or whatever." Pettigrew then got into his car, stuck the gun out the window, and fired a shot into the air before driving off. What sounded like a gunshot was recorded by the body recorder Ross was wearing during the investigation and was played for the jury at the trial. When Pettigrew returned, he sold a quantity of cocaine to Ross, who testified that Pettigrew still had the gun with him.
 
 
 7
 Pettigrew's co-defendants, Christopher Jones and Tony Williams, testified on Pettigrew's behalf. They said they did not see Pettigrew with a gun during the September 30, 1987 transaction and thought someone else fired a gun at that time. Pettigrew testified on his own behalf and denied having or firing a weapon.
 
 
 8
 During the government's case in chief, the district court permitted the prosecutor, over Pettigrew's objection, to read to the jury a stipulation regarding Pettigrew's prior guilty pleas. The stipulation quoted the text of Counts 1 and 20 of the indictment. Count 1 detailed, in twenty-six numbered paragraphs, the overt acts committed by Pettigrew and his co-conspirators, and was introduced in support of the government's charge that Pettigrew carried a firearm in connection with drug related activities. Pettigrew objected to the reading of the lengthy language from Count 1 on Fed.R.Evid. 403 grounds, arguing that the danger of unfair prejudice substantially outweighed the probative value of any relevance the jury may derive from it.
 
 
 9
 On July 18, 1989, the jury found Pettigrew guilty on the firearm charge. In addition to the thirty-month concurrent sentences he received for conviction on Counts 1, 2, 3, 4, 9, 10, 14, 18, 19, and 20, Pettigrew received five years for the Count 21 conviction, to run consecutively. He was assessed $550 in special fees and, upon the completion of his incarceration, he will be subject to three years of supervised release. Pettigrew now appeals the firearm conviction charged in Count 21.
 
 II.
 A.
 
 10
 Pettigrew contends that his trial was rendered unfair by the district court's error in permitting the prosecution to read Count 1 of his indictment as its means of establishing the predicate crime necessary to sustain his conviction for Count 21's firearm charge. In his brief, Pettigrew argues that the government should have been permitted to read only from Count 20 of the indictment relating specifically to the September 30, 1987 cocaine sale. At oral argument, Pettigrew modified his argument by asserting that the prosecution should have at least been required to summarize Count I, rather than read it in toto.
 
 Fed.R.Evid. 403 provides:
 
 11
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 
 
 12
 A trial court's ruling in the face of a Fed.R.Evid. 403 objection may be reversed only if it is an abuse of discretion. United States v. Zipkin, 729 F.2d 384, 389 (6th Cir.1984).
 
 
 13
 We think the district court did not abuse its discretion in permitting the prosecution to read from the conspiracy count of the indictment to which Pettigrew pled guilty.
 
 
 14
 Count 21 of the indictment charged Pettigrew with carrying and using a firearm on September 30, 1987 "during, and in relation to a drug trafficking crime, specifically ... conspiracy to possess with the intent to distribute, and to distribute controlled substances and ... possession of controlled substance with intent to distribute." Because this charge relied on conspiracy as a predicate offense, it was necessary for the government to prove Pettigrew's participation in the conspiracy on September 30, 1987. Since Pettigrew had pled guilty to Count 1, it was relevant as an admission of guilt as to conspiracy. And, while Count 1 need not have been read in its entirety, we are unable to say that the district court's decision to allow the prosecution to do so was an abuse of discretion.
 
 
 15
 " 'Abuse of discretion' is a phrase which sounds worse than it really is. All it need mean is that, when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."
 
 
 16
 Balani v. Immigration & Naturalization Serv., 669 F.2d 1157, 1160 (6th Cir.1982) (quoted sources omitted). We do not have a definite and firm conviction that the prejudice which may have been associated with the court's decision to allow the prosecution to read from the entire Count 1 of Pettigrew's indictment was unfair or, in any case, substantially outweighed the probative value of the information it contained. On that basis, we cannot conclude that Pettigrew's trial was unfair.
 
 B.
 
 17
 Pettigrew also claims that there was insufficient evidence to sustain his conviction for carrying and using a firearm in relation to the commission of a drug trafficking crime. In support of his argument, Pettigrew cites his own testimony and that of his co-conspirators to the effect that he did not have, or fire, a gun during the course of the September 30, 1987 sale.
 
 
 18
 An appellate court reviewing a sufficiency of evidence charge must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 19
 The testimony of Wilborn and Ross, as substantiated by the audiotape of the gunshot, was sufficient to convince a rational trier of fact beyond a reasonable doubt that Pettigrew carried and used a firearm in relation to a drug trafficking offense. That the jury found the government's evidence persuasive and Pettigrew's evidence unpersuasive, which is the premise underlying Pettigrew's appeal, is not subject to this court's review. There was sufficient evidence to sustain Pettigrew's conviction.
 
 III.
 
 20
 For the foregoing reasons, the decision of the district court is AFFIRMED.